FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 OCT 30  AM 9:44

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEVE PROVOST § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 01-3261 |
| § | |
| PEGASUS INTERNATIONAL, INC. f/k/a § | |
| MPC INTERNATIONAL, INC., § | |
| MPC INTERNATIONAL, INC. PROFIT § | |
| SHARING AND SAVINGS PLAN A/K/A § | SECT. B MAG 2 |
| MARINE PIPELINE CONSULTANTS, § | |
| INC. PROFIT SHARING AND SAVINGS § | |
| PLAN, AND MPC INTERNATIONAL, INC., § | |
| AS ADMINISTRATORS OF THE BLUE § | |
| CROSS MANAGED HEALTH CARE PLAN § | JURY TRIAL |
| AND THE GROUP MANAGED HEALTH § | |
| CARE INDEMNITY PLAN § | |
| § | |
|     Defendant. § | |

## ORIGINAL COMPLAINT

Plaintiff, Steve Provost (hereinafter "Plaintiff") by and through his attorneys, file this his Original Complaint against Defendants, Pegasus International Inc. (hereinafter "Pegasus") formerly known as MPC International, Inc. (hereinafter "MPC"), MPC International, Inc. Profits Sharing and Savings Plan a/k/a Marine Pipeline Consultants, Inc. Profit Sharing and Savings Plan, and MPC

Fee 150
Process
X Dktd
CtRmDep
Doc.No

International, Inc., as administrators of the Blue Cross Managed Health Care Plan and The Group Managed Health Care Indemnity Plan. This complaint is filed with the permission of the Court.

## PARTIES

**1.**

Plaintiff Steve Provost is a citizen of the United States and a resident of Louisiana.

**2.**

Defendant Pegasus International, Inc., is a Texas corporation with its principal place of business at 102 Asma, Suite 400, Lafayette, Louisiana 70508. Pegasus International, Inc. may be served with process through its registered agent, Dane Escott, at 102 Asma, Suite 400, Lafayette, Louisiana 70508. MPC merged with Elliott Consultants Inc. d/b/a E.C.I. Consulting Engineers, Escott Consultants, Inc., E.C.I. Pneumatics, Inc. and Escott Energy Consultants, Inc. to become collectively known as Pegasus International, Inc. Pegasus assumed all of the financial obligations, assets and liabilities of MPC, including but not limited to, COBRA benefits to former employees and honored accrued vacation of MPC employees. In addition, Pegasus assumed all outstanding MPC contracts and projects. MPC currently has no assets or employees. At all times material herein, the Defendant employed more than 20 employees and/or administered ERISA plans either independently or through Defendant's wholly owned subsidiaries.

**3.**

MPC International, Inc. Profit Sharing & Savings Plan a/k/a Marine Pipeline Consultants, Inc. Profit Sharing and Savings Plan is a 401(k) profit sharing plan sponsored and/or administered by Defendants. MPC International, Inc. Profit Sharing & Savings Plan may be served with process at 9821 Katy Freeway, Suite 750, Houston, Texas 77024. At all times material herein, Plaintiffs

were participants and/or beneficiaries who should have received benefits from MPC International, Inc. Profit Sharing & Savings Plan.

**4.**

Blue Cross Managed Health Care Plan is a group health plan sponsored and/or administered by Defendants. Service upon the defendant MPC International, Inc., is sufficient service upon this managed Health Care Plan. Defendants MPC International, Inc., has been served and has answered. At all times material herein, Plaintiffs were participants and/or beneficiaries who were entitled to benefits under the Blue Choice Managed Health Care Plan.

**5.**

Group Managed Health Care Indemnity Plan is a group benefit plan sponsored and/or administered by Defendants. Service upon the defendant MPC International, Inc., is sufficient service upon this managed Health Care Plan. Defendants MPC International, Inc., has been served and has answered. At all times material herein, Plaintiffs were participants and/or beneficiaries who should have been allowed to receive benefits from the Group Managed Health Care Indemnity Plan.

## COUNT I
## ERISA

### JURISDICTION AND VENUE

**6.**

The Court has jurisdiction of this matter pursuant to 29 U.S.C. §1132 (ERISA) and 28 U.S.C. §1331 (federal question). The amount in issue exceeds $75,000. Venue is proper in this District pursuant to 28 U.S.C. §1391.

### NATURE OF CLAIM

**7.**

Defendants discriminated against and wrongfully denied Plaintiff benefits to which he was entitled in violation of 29 U.S.C. §1001, *et seq.* At all material times, the Plaintiff was employed by the Defendant as an employee by virtue of the fact that he was under the supervision, direction and control of the Defendant. Plaintiff was a plan participant and/or beneficiary of Defendant's ERISA plans. To prevent Plaintiff from participating in various ERISA plans provided to Pegasus employees, Defendant unlawfully discriminated against Plaintiff, denied Plaintiff access to ERISA plan information, purposefully misclassified him as an independent contractor rather than an employee and otherwise illegally interfered with the Plaintiff's ability to vest in Defendant's ERISA plans. As a result, Defendant unlawfully discriminated against Plaintiff and prohibited Plaintiff from participating in the Defendant's various benefit programs and/or receiving ERISA plan benefits. The full extent of this discrimination and interference with ERISA benefits is not known at this time. Upon information and belief, these various benefit plans include the following: health and prescription plan benefits; pension; 401k; life insurance; salary continuation; holidays;

vacations; sick leave; savings plans and various other benefits available to employees. At all material times herein, the Defendant was the plan fiduciary, administrator, or plan sponsor of Pegasus employee benefits plans or de facto plan administrator or plan sponsor, and Plaintiff was a participant of and/or beneficiary of those plans. Upon information and belief, Defendant had substantial control over the assets, management or administration of Pegasus ERISA plans and acted in such a manner as to subject it to liability under ERISA. Additionally, Defendant, acting in its capacity as a ERISA fiduciary, breached various fiduciary duties to Plaintiff. The full extent of these breaches is not known at this time.

**8.**

The Defendant's unlawful discrimination against Plaintiff, denial of benefits to Plaintiff, and/or interference with Plaintiff's vesting in benefit plans was reckless, willful and in conscious disregard of the law. This is particularly true in light of the fact that the Department of Labor had previously put Defendants on notice that they were wrongfully misclassifying individuals as independent contractors rather than employees. Furthermore, Defendant's actions and omissions have damaged Plaintiff so egregiously that there are no suitable remedies available under the plans and/or the administrative process is futile.

**DAMAGES**

**9.**

The Plaintiff and his dependents are entitled to all damages incurred as a result of not being allowed to participate in the various benefit programs available to all other employees. In addition,

the Plaintiff is entitled to attorneys fees, expenses, costs, and pre- and post- judgment interest.

## COUNT II
## COBRA BENEFITS

### JURISDICTION AND VENUE

**10.**

The Court has jurisdiction pursuant to the Consolidated Omnibus Budget Reconciliation Act, (COBRA), 29 U.S.C. §1161, *et seq.* Venue is proper in this District pursuant to 28 U.S.C. §1391.

### NATURE OF CLAIM

**11.**

The facts set forth in ¶¶ 1-9, *supra,* are realleged and incorporated by reference herein. Plaintiff, qualified beneficiary and/or participant under Defendant's group health plans were entitled to written notice from the Defendant of his right to participate in the Defendant's health and prescription plans and/or other programs at the termination of his employment. Defendant failed to provide the Plaintiff with such required notice. At all material times herein, Defendant was Plaintiff's employer, plan fiduciary, administrator or de facto plan administrator or plan sponsor. Additionally, Defendant exercised control over the plans and/or dissemination of information about the plans and/or acted in such a manner as to subject themselves to liability.

### DAMAGES

**12.**

The Plaintiff and his dependents are entitled to damages for himself and his dependants for the contractually-defined benefits that they have been denied, which include the costs they have incurred for all medical and prescription benefits that would have been covered by the Pegasus plans

had Defendant properly complied with its obligations under COBRA, as well as the costs Plaintiff incurred for obtaining his own health benefits and prescription coverage along with pre- and post-judgment interest, costs, expenses and attorney fees. Additionally, Plaintiff urge the Court to award sanctions of $100 per day per qualified beneficiary up to a maximum of $200 per day per family and such other equitable relief to which he shows himself justly entitled.

## COUNT III
## SOCIAL SECURITY

### JURISDICTION AND VENUE

**13.**

The Court has jurisdiction pursuant to 28 U.S.C. §1331 (federal question). Venue is proper in this District pursuant to 28 U.S.C. §1391.

### NATURE OF CLAIM

**14.**

The facts set forth in ¶¶ 1-12, *supra,* are realleged and incorporated by reference herein. At all times material herein, the Plaintiff was employed by Defendant as an employee by virtue of the fact that Plaintiff was under the supervision, direction and control of Defendant Pegasus. Notwithstanding the foregoing, the Defendant misclassified the Plaintiff as an independent contractor thereby unlawfully failing to pay the Federal Insurance Contributions Act (FICA) tax on behalf of the Plaintiff.

**15.**

Defendant violated the rights of the Plaintiff by failing to furnish Forms W-2 to Plaintiff and by failing to file such forms with the Social Security Administration as required by 26 U.S.C.

§6051(a), 26 C.F.R. §31.6051-2.

**16.**

The Defendant's conduct and act of classifying the Plaintiff as an independent contractor was negligent and/or willful and in conscious disregard of its employment tax and withholding obligations under the Internal Revenue Act and constitutes intentional disregard for its obligations under the Internal Revenue Code.

**17.**

Defendant's failure to provide required employee wage information to the Plaintiff and the Social Security Administration has denied Plaintiff credits to his SSA earnings account, which has resulted and will result in the denial and /or reduction in benefits to which he, his dependents and survivors are entitled by virtue of employment with Defendant.

**18.**

Defendant's failure to report the wages to the IRS and the Social Security Administration creates a high risk that the Plaintiff and his dependents will be denied benefits to which they are entitled under the Social Security program.

**DAMAGES**

**19.**

The Plaintiff is entitled to be treated as Defendant's employee in the future and to have past record keeping violations and tax under payments corrected. Therefore, Plaintiff is entitled to an Order directing Defendant: (1) to file with the Social Security Administration a Form W-3c and to

Plaintiff a Statement of Corrected Income and Tax Amounts, Form W-2c, reflecting as "social security withheld" seven and 65/100 percent (7.65%) of wages shown thereon; (2) to pay to the IRS, on behalf of Plaintiff for each of the years covered by this lawsuit, FICA tax equal to seven and 65/100 percent (7.65%) of Plaintiff's gross wages as the employee's share; (3) to make arrangements with the IRS to settle its duty to pay the employer's share; (4) to file a supplemental tax Form 941 for each year covered by the lawsuit, which reflects payment of at least the employee's share of the social security payments for Plaintiff for such years; (5) to direct Defendant to attach to each supplemental tax Form 941 an itemization of the employee's share of social security taxes paid for Plaintiff, including Plaintiff's social security number where available; (6) to direct Defendant to state on tax Form 941 that Defendant has already settled its obligation to pay the employer's share of FICA with the IRS; (7) to deposit funds for Plaintiff's employee share of FICA at the same time that the supplemental tax Form 941s are filed with the IRS; and (8) to provide counsel for Plaintiff documentary proof of compliance with this Order within sixty days of the date the Order is entered. Further, the Plaintiff is entitled to costs, expenses and attorneys fees for Defendant's willful failure to pay FICA on behalf of the Plaintiff.

## COUNT IV
## FAIR LABOR STANDARDS ACT

### JURISDICTION AND VENUE

### 20.

The facts set forth in ¶¶ 1-19, *supra,* are realleged and incorporated by reference herein. The Court has jurisdiction pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331 and §1367. In connection with the acts and course of conduct alleged in this Complaint, the Plaintiff was engaged in services

and duties essential to the movement of goods in interstate commerce or in the production of goods for commerce. Furthermore, the Defendant is an employer who engages in commerce or in the production of goods for commerce. Venue is proper in this District pursuant to 28 U.S.C. §1391.

## NATURE OF CASE

**21.**

This is an action to recover unpaid overtime compensation and unpaid wages for time worked under the Fair Labor Standards Act, as amended 29 U.S.C. §201, *et seq.* and to address the Defendant's violation of the FLSA record keeping provisions 29 U.S.C. §211(c).

**22.**

At all times relevant and material herein, Plaintiff was an employee of the Defendant within the meaning of the Act, 29 U.S.C. §203(e)(1). Plaintiff has consented to participation in this suit. (*See* Exhibit 1 attached, Consent to Sue.)

**23.**

Defendant has acted intentionally, knowingly and willfully and/or in reckless disregard of the rights of Plaintiff by failing to pay Plaintiff the overtime pay to which he was entitled during each workweek and by failing to pay Plaintiff the straight time pay for time actually worked in violation of 29 U.S.C. §§207 & 216. Upon information and belief, Defendant did not make, keep and/or preserve Plaintiff's records as required under 29 U.S.C. §211(c) or file necessary administrative reports related to these records.

**24.**

The Department of Labor previously investigated and determined that Defendant violated

the FLSA which resulted in under payments totaling $515,869.24 due and owing to 86 employees. This determination included "Contract Employees."(*See* Exhibit 2 attached).

**25.**

During the Plaintiff's employment with Defendant, Plaintiff worked in excess of forty (40) hours in a work week on a regular and recurring basis and was not paid time and one-half for the hours he worked in excess of forty (40) hours. Plaintiff was also required to attend meetings prior to the start of his inspection duties for which he was not paid.

**26.**

The Defendant's failure to pay Plaintiff straight time for the meetings he was required to attend and Defendant's failure to pay time and one-half for hours worked in excess of forty (40) in a work week was willful and/or in reckless disregard of its obligations under the Fair Labor Standards Act, thereby allowing for a three (3) year statute of limitation period.

**DAMAGES**

**27.**

As a consequence of Defendant's willful violations of Plaintiff's rights under FLSA, the Plaintiff is entitled to recover from Defendant all unpaid federal minimum wages, plus an additional equal amount as liquidated damages, pre-and post-judgment interest, costs, expenses, and attorneys fees and such other equitable relief to which the Plaintiff is entitled. Additionally, the Plaintiff is entitled to have the Defendant immediately comply with the record keeping and reporting provisions of 29 U.S.C. §211(c).

**PRAYER**

**28.**

WHEREFORE, the Plaintiff prays for judgment against the Defendant for the damages as set forth in this Original Complaint, including but not limited to all benefits that he was denied, unpaid overtime for the three years prior to the filing of his Original Complaint, or for three years prior to the filing of the Complaint to the date of any final award made to them, as the case may be, for pre-judgment and post-judgment interest, compensatory damages, liquidated damages, punitive damages, attorneys' fees, and for such other relief, including appropriate equitable injunctive relief, that this Court deems just and proper.

Respectfully submitted,

_____
J. Ricky LaFleur
Louisiana State Bar #19662
Two South Magdalen Square
Suite 207
Abbeville, Louisiana 70510
(337) 893-2030    Telephone
(337) 898-6070    Facsimile

OF COUNSEL:
**J. RICKY LAFLEUR, P.L.C.**

**Judith Batson Sadler**
Texas State Bar #17511850
Trial Attorney
**Charles E. Sykes**
Texas State Bar #19592300
**Thomas H. Padgett, Jr.**
Texas State Bar #15405420
50 Briar Hollow, Suite 550E
Houston, Texas 77027
(713) 877-8111    Telephone
(713) 877-8188    Facsimile

OF COUNSEL:
**SADLER & SYKES, L.L.P.**

ATTORNEYS FOR PLAINTIFF

Original Complaint                             13

> **CONSENT TO SUE**
> **PURSUANT TO SECTION 16(b) OF THE**
> **FAIR LABOR STANDARDS ACT**

I, **STEVE PROVOST**, consent to be a plaintiff in an action seeking relief from MPC International, Inc. and Pegasus International, Inc., under the Fair Labor Standards Act for unpaid overtime compensation, liquidated damages, attorneys fees, costs, and any other damages to which I may be entitled. I am represented by the Law Firm of Sadler & Sykes, L.L.P.

10-18-01
DATE

_____
STEVE PROVOST

EXHIBIT
1



**U. S. Department of Labor**

Employment Standards Administration
Wage and Hour Division
Houston District Office
South Building
9990 Richmond Ave., Room 202
Houston, Texas 77042-4546
Phone: (713) 339-5500
FAX. (713) 339-5530



October 15, 1999

Mr. Kerry Williams, Attorney
Chamberlain, Hrdlicka, White, Williams, & Martin
1200 Smith Street, Suite 1400
Houston, Texas 77002-4310

Subject:  MPC International, Inc
Fair Labor Standards Act Investigation
Case #97-615-16501

Dear Mr. Williams:

Over the course of the past several years, we have conducted a Fair Labor Standards Act (FLSA) investigation of your client, MPC International, Inc. The investigation thus far discloses that your client's employees are subject to the requirements of the FLSA. This includes those claimed as "Contract Employees".

The investigation revealed violations of FLSA Section 7, resulting from the failure to pay statutory overtime pay for hours worked in excess of 40 hours per week. These violations resulted in underpayments totaling $515,869.24 found due to 86 employees.

This information was provided to you in a final conference held on September 17, 1997. At that time, you requested our finding in writing. This letter will serve as that written notice. To date, no agreement has been reached with the firm relative to future compliance or the payment of the above referenced back wages.

I have decided to terminate our investigation of your client. This decision does not in any way limit the right of the employees due back wages to pursue their right to private action under Section 16(b) of the FLSA nor does this limit our ability to reopen this investigation at a later date.

We would like to direct your attention to Section 16(e) of the FLSA and Regulations, Part 578. As you will note, Section 16(e) provides for the assessment of a civil money penalty for any repeated or willful violations of Section 6 or 7 of the FLSA, in an amount not to exceed $1,000 for each such violation. No penalty is being assessed as a result of this investigation. If at any time in the future your firm is found to have violated the monetary provisions of the FLSA, it will be subject to such penalties.

A copy of Regulations, Part 578 is enclosed for your reference. If you have any questions about the investigation or regarding any aspect of the FLSA, please do not hesitate to contact Investigator Charles Frasier.

Sincerely,

Martin Lee Barrow, Sr.
District Director

Enclosure:  Regulations, Part 578

EXHIBIT 2