FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 NOV 20  PH 3: 26

LORETTA G. WHYTE
CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA
### NEW ORLEANS DIVISION

| | | |
|---|---|---|
| **STEVE PROVOST,** | * | **CIVIL ACTION NO.  01-3261** |
| | * | |
| *Plaintiff* | * | **SECTION "B"( 5)** |
| | * | |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| **PEGASUS INTERNATIONAL, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| *Defendants* | * | |

## DEFENDANT PEGASUS INTERNATIONAL, INC.'S
## MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

**NOW INTO COURT**, through undersigned counsel, comes Pegasus International, Inc. ("Defendant"), who with respect represents that as more fully set forth in the accompanying Memorandum, plaintiff and Defendant are parties to a written contract which contains an arbitration provision encompassing all of Plaintiff's claims.

1

____Fee_____
____Process____
X___Bktd _____
____CtRmDep_____
Doc.No._____

**WHEREFORE,** Pegasus International, Inc. prays that this Court order the proceedings herein be stayed pending arbitration in accordance with Federal Arbitration Act, 9 U.S.C. §1 *et seq.* and for all other relief as is just and proper.

Respectfully submitted,

BALDWIN & HASPEL, L.L.C.

LANCE J. ARNOLD  (Bar #18768), T.A.
2200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2200
Telephone:  (504) 585-7711
Telefax:      (504) 585-7751
Attorney for Pegasus International, Inc.

Of Counsel:
Chamberlain, Hrdlicka, White, Williams & Martin
Two Allen Center
1200 Smith Street, Ste. 1400
Houston, TX 77002

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel listed below by mailing the same to each by First Class United States mail, properly addressed and postage prepaid on this __20__ day of November, 2001.

Ms. Judith Batson Sadler
Mr. Charles E. Sykes
Sadler & Sykes
50 Briar Hollow Lane, Suite 550E
Houston, Texas  77027

Mr. J. Ricky LaFleur
Office of J. Ricky LaFleur
Two South Magdalen Square
Suite 207
Abbeville, Louisiana  70510

LANCE J. ARNOLD

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **STEVE PROVOST,** | * | **CIVIL ACTION NO.  01-3261** |
| | * | |
| *Plaintiff* | * | **SECTION "B"( 5)** |
| | * | |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| **PEGASUS INTERNATIONAL, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| *Defendants* | * | |

### DEFENDANT PEGASUS INTERNATIONAL, INC.'S MEMORANDUM
### IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING ARBITRATION

Pursuant to Section 3 of the Federal Arbitration Act, 9 U.S.C. §3, Defendant Pegasus International, Inc. ("*Pegasus*"), files this Memorandum in Support of its Motion to Stay Proceedings Pending Arbitration and would show the Court as follows:

### I. INTRODUCTION.

Plaintiff Steve Provost ("*Provost*") has filed this action alleging violations of various federal statutes arising out of the services that he provided for Pegasus.  However, Provost and

1

Pegasus are parties to a written contract which contains an enforceable arbitration agreement. Accordingly, under the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* (the "*FAA*"), the Court must stay these proceedings in their entirety pending arbitration of all matters in dispute between Provost and Pegasus.

## II. ARGUMENT AND AUTHORITIES.

### A. *The Court Must Determine the Scope of the Arbitration Provision.*

Provost and Pegasus are parties to an Independent Contractor Agreement (the "*Agreement*"), attached hereto at Exhibit "A." The Agreement contains the following provision:

> All claims, disputes, or controversies, including but not limited to personal injury or illness claims, working conditions controversies, and payment disputes, arising out of or relating to this Agreement shall be finally decided by resort of either Pegasus or Contractor to arbitration utilizing a single arbitrator in accordance with the Employment Rules then in effect for the resolution of labor disputes by the American Arbitration Association. The arbitration shall be held in Houston, Texas. The decision of the arbitrator shall be final, binding and enforceable in any court of competent jurisdiction and Pegasus and Contractor agree that there shall be no appeal from the arbitrator's decision. The parties acknowledge and agree that this Agreement includes activities in Interstate Commerce and that the Federal Arbitration Act, 9 U.S.C. §1 *et seq* [sic] shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary.

*See* Ex. A at pp.3-4. Both parties executed the Agreement, apparently on February 28, 2000. *Id.* at p.4.

The arbitration provision clearly requires the arbitration of all disputes between Provost and Pegasus. In determining this, the Court must apply the federal substantive law of arbitrability. *Harvey v. Joyce*, 199 F.3d 790, 793 (5th Cir. 2000); *Moses H. Cone Memorial*

*Hosp. v. Mercury Const.*, 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). This simply requires that the Court employ the rules of contract construction to determine the intentions of the parties. *Harvey*, 199 F.3d at 793; *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626, 105 S.Ct. 3346, 3354, 87 L.Ed.2d 444 (1985). Further, as a matter of federal substantive law, "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." *Harvey*, 199 F.3d at 793 (quoting *Moses H. Cone*, 460 U.S. at 25, 103 S.Ct. at 941). That is, there is a presumption in favor of arbitrability. *Id.* Based on the plain language of the arbitration provision above, the Court should find that this provision includes all disputes between Provost and Pegasus and all claims brought by Provost against Pegasus "arising out of or relating to this Agreement."

### B.     The Court Must Determine the Arbitrability of Provost's Claims.

Having determined the scope of the arbitration provision in the Agreement, the Court should then determine which of Provost's claims in his Original Petition against Pegasus are arbitrable. Importantly, the Court's inquiry should be guided by the factual allegations underlying Provost's claims. *Harvey*, 199 F.3d at 795l; *Mitsubishi Motors*, 473 U.S. at 622 n.9, 105 S.Ct. at 3351 n.9. In this case, although Provost brings four claims under four separate federal statutes,[1] all rely on the single factual allegation that Provost was an employee of Pegasus rather than an independent contractor. To prove his allegation, then, Provost must offer evidence

---

[1]Provost brings claims under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("*ERISA*"), including amendments which were part of the Comprehensive Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. §1161 *et seq.* ("*COBRA*"), the Federal Insurance Contributions Act, 26 U.S.C. § 3101 et seq. ("*FICA*"), and the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("the FLSA").

that would clearly involve the independent contractor relationship created by the Agreement. Accordingly, these allegations and the all of the ensuing claims are "arising out of or relating to this Agreement."  Given the broad scope of the arbitration provision, the Court must find that all of Provost's claims against Pegasus are arbitrable.

### C.      The Court Must Stay These Proceedings Pending Arbitration.

Although Provost has brought claims against numerous parties, his claims against Pegasus clearly fall within the scope of the broad arbitration provision in the Agreement. Further, there is a "strong federal policy in favor of enforcing arbitration agreements." *Texaco Exploration and Production Co. v. AmClyde Engineered Products Co., Inc.*, 243 F.3d 906, 909 (5th Cir. 2001); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985).  Moreover, as the FAA clearly states:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration ... the court ... shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement ....

9 U.S.C. § 3.  If any party requests the Court, under Section 3 of the FAA, to stay proceedings pending arbitration, and the Court determines that a written arbitration agreement exists and that a claim in the lawsuit is within the scope of the agreement, "the district court has no discretion under section 3 to deny the stay." *Texaco Exploration*, 243 F.3d at 909 (quoting *Hornbeck Offshore Corp. v. Coastal Carriers Corp.*, 981 F.2d 752, 754 (5th Cir.1993)).

As discussed above, Provost and Pegasus entered into the signed Agreement which contains the arbitration provision.  The provision itself applies to all disputes, all controversies and all claims between the parties.  Further, Provost's claims against Pegasus in his Original

4

Complaint clearly fall within the scope of the arbitration provision. Because Provost's claims against Pegasus are "arising out of or relating to" the Agreement creating the independent contractor relationship, all litigation ensuing from these claims should be stayed pending arbitration. *Texaco Exploration*, 243 F.3d at 909.

Importantly, despite the presence of other parties in this litigation, the Court must stay all proceedings pending arbitration between Provost and Pegasus. Under the FAA, the Court must enforce the arbitration provision in the Agreement, "even if the result is 'piecemeal litigation,' at least absent a countervailing policy manifested in another federal statute." *Dean Witter Reynolds*, 470 U.S. at 219-20. None of the federal statutes forming the basis of any of Provost's claims presents such a policy. Indeed, all of Provost's claims in the lawsuit derive from and are inextricably intertwined with the services that Provost performed under the Agreement. The Court, then, must stay these proceedings.

### D.     *Arbitration Proceedings Have Commenced.*

Arbitration proceedings between Pegasus and Provost have commenced in Houston, Texas. On November 15, 2001, Pegasus filed its Demand for Arbitration and paid its filing fees with the Houston office of the American Arbitration Association. A copy of the Demand for Arbitration is attached as Exhibit "B". Hence, the process for the resolution of disputes as agreed by the parties and as set forth in the Agreement has already commenced and this Court should stay these proceedings pending the award of the arbitrator.

5

## IV. PRAYER FOR RELIEF.

For these reasons, Defendant Pegasus International, Inc., requests that the Court grant this Motion to Stay Proceedings Pending Arbitration and that these proceedings be stayed accordingly.

Respectfully submitted,

BALDWIN & HASPEL, L.L.C.



LANCE J. ARNOLD  (Bar #18768), T.A.
2200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2200
Telephone:  (504) 585-7711
Telefax:      (504) 585-7751
Attorney for Pegasus International, Inc.

Of Counsel:

Chamberlain, Hrdlicka, White, Williams & Martin
Two Allen Center
1200 Smith Street, Ste. 1400
Houston, TX 77002

6

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel listed below by mailing the same to each by First Class United States mail, properly addressed and postage prepaid on this ___20___ day of November, 2001.

Ms. Judith Batson Sadler
Mr. Charles E. Sykes
Sadler & Sykes
50 Briar Hollow Lane, Suite 550E
Houston, Texas 77027

Mr. J. Ricky LaFleur
Office of J. Ricky LaFleur
Two South Magdalen Square
Suite 207
Abbeville, Louisiana 70510

LANCE J. ARNOLD

7



# PEGASUS INTERNATIONAL, INC.
## INDEPENDENT CONTRACTOR AGREEMENT
## STATE OF TEXAS
## COUNTY OF HARRIS

**THIS INDEPENDENT CONTRACTOR AGREEMENT** ("Agreement") effective the ___18 th___ day of _February_ , 20_00_ , by and between PEGASUS INTERNATIONAL, INC., a Texas Corporation, having a place of business at 9821 Katy Freeway, Suite 750, Houston, Texas 77024 for and on behalf of itself and MPC International, Inc., Elliott Consultants, Inc., dba E.C.I. Consulting Engineers, Escott Consultants, Inc., E.C.I. Pneumatics, Inc. and Escott Energy Consultants, Inc. (herinafter collectively referred to as "Pegasus") and **Stephen G. Provost** hereinafter called "Contractor".

This Agreement is entered into between Pegasus and Contractor in order to set forth the terms of the Independent Contractor's relationship which exists between Pegasus and Contractor. CONTRACTOR EXPLICITLY UNDERSTANDS THAT HE IS NOT AN EMPLOYEE, AGENT, OR SERVANT OF PEGASUS.

Pegasus does not intend to control or direct in any manner the conduct of Contractor's work, but is interested solely in the results or the product which is obtained. The manner and means by which Contractor carries out the terms of this Agreement are within Contractor's sole discretion, and he has complete and total authority to control and direct the performance of the work, subject only to Pegasus's right of inspection and supervision, to secure satisfactory completion of the terms of this Agreement.

Neither Contractor nor any employee or agent, if any, of Contractor shall have any right or authority, without the express written consent of Pegasus, to make any contract in the name of or binding on Pegasus, or otherwise bind Pegasus or transact any business in Pegasus's name or on its behalf, and, unless expressly consented to in writing by Pegasus, Contractor shall not make, and shall prevent any employee or agent of Contractor from making representations to anyone as having such right or authority.

Contractor also understands that NO DEDUCTION FOR FEDERAL OR STATE TAXES WILL BE MADE FROM THE COMPENSATION DUE TO CONTRACTOR UNDER THE TERMS OF THIS AGREEMENT AND FULLY AND COMPLETELY UNDERSTANDS THAT HE IS SOLELY AND TOTALLY RESPONSIBLE FOR THE PAYMENT OF ALL TAXES. However, Pegasus will file Form 1099 as required by the IRS for all wages and lump sum Per Diem. Even though Pegasus, may at times, reimburse Per Diem on a lump sum basis, Contractor will be responsible for retaining all receipts for Per Diem expenses for personal tax records.

During the term of this Agreement, Contractor agrees not to directly or indirectly solicit any "customer account of PEGASUS INTERNATIONAL, INC." Upon termination of this Agreement, for whatever reason, Contractor further agrees not to directly or indirectly solicit any "customer account of PEGASUS INTERNATIONAL, INC." for a period of two (2) years. For purposes of this paragraph, a "customer account of PEGASUS INTERNATIONAL, INC." shall be defined as any PEGASUS INTERNATIONAL, INC. customer in existence at the time of termination of this Agreement (regardless of whether said Customer shall terminate the services of PEGASUS

INTERNATIONAL, INC. within said two year period), or any new customer account which PEGASUS INTERNATIONAL, INC. shall acquire within said two year period. Contractor agrees that should he violate any provisions of this paragraph, then, in that event, PEGASUS INTERNATIONAL, INC. shall be entitled to injunctive relief, in addition to any and all legal remedies to which Pegasus may be entitled.

The following are the specific terms of compensation for Contractor:

1.    Pegasus will reimburse Contractor the following compensation for verified (by Pegasus supervisor) contract services:

> **$19.00/HR for all hours worked on Onshore Field Assignments**
> **$20.00/HR for all hours worked on Offshore Field Assignments**
>                                          **TR**
>                                          **Tommy Rouse (Initial)**

2.    When Contractor is required to furnish his own automobile, including gasoline, oil, tires, maintenance, insurance, etc. for billable miles, Pegasus will reimburse Contractor the amount allowed by Client.

3.    Contractor will be reimbursed for any reasonable expenses when traveling on Pegasus business. Pegasus will furnish Contractor with the necessary expense account and mileage report forms. Contractor will be required to keep complete and accurate records and receipts for all expenditures. Pegasus will not pay Contractor for vacations, holidays, and sick time.

4.    Pegasus will hold Contractor responsible for all financial reimbursement of all personal telephone calls.

5.    Pegasus will be responsible for invoicing and collecting reimbursement from its clients. Contractor shall submit his time sheet and expense reports to Pegasus every Monday by 17:00 CST for the previous week. Contractor will be paid every second Friday. Contractor shall fax the time sheets and expense reports to PEGASUS INTERNATIONAL, INC., 102 Asma Blvd., Suite 400, Lafayette, Louisiana 70508, Attn.: Accounting Department, Fax Nos. (337) 984-6188 or (337) 314-8088. Contractor will be held responsible to assist Pegasus in verifying claims for reimbursable work performed and expenses presented to Pegasus clients. Failure to adequately support manhours and expenses may result in client's refusal to pay Pegasus which may cause Pegasus to deduct the disputed amounts from Contractor's remuneration. While subject to this Agreement, Contractor agrees to devote his time, skill and energies to the best interest of the services rendered to Pegasus and its clients as described above.

This Agreement shall be governed by and construed in accordance with the laws of the State of Texas. The obligations and undertakings of each of the parties shall be performable in Houston, Harris County, Texas.

It is covenanted and agreed between Contractor and Pegasus that all information originated, encountered or coming within the knowledge of Contractor, its employees, agents and

representatives in providing services under this Agreement, whether it be visual or otherwise, shall be deemed to be the proprietary information and shall belong solely to Pegasus and/or its clients and shall be for Pegasus or its clients sole use and benefit. Contractor, its employees, agents and representatives shall not in any manner divulge to third parties any information obtained in the course of providing services required under the terms of this Agreement. The obligation of Contractor, its employees, agents and representatives to hold confidential all information encountered from, or related to, the services performed hereunder shall be continuing and shall survive termination of this Agreement.

Contractor shall not, before, during or after performance of services hereunder, make, offer, provide or agree to make, offer or provide any payment, gift, fee, discount, commission, percentage, loan, service, entertainment, substantial favor or anything of value, to any employee, family member or financial interest of an employee of Pegasus clients. Contractor shall not accept same as favors from Pegasus client's contractors for compensation in relation to the work or services to be provided.

Contractor shall abide by all safety practices and policies of Pegasus and/or its clients. Contractor shall obtain, maintain and wear properly all Personal Protective Equipment (PPE) required on the work site. The minimum PPE items on all work sites for Pegasus and/or its clients are hardhead, safety glasses with side shields and steel-toed shoes/boots.

Contractor shall not be under the influence of drugs or alcoholic beverages while under employ of this Agreement. Contractor shall be subject to immediate dismissal without further compensation should it be determined that Contractor is found to be under the influence of drugs or alcohol. Contractor shall submit to a drug or sobriety test at the discretion of Pegasus and failure to comply as requested will be grounds for immediate dismissal without further compensation.

This Agreement constitutes the entire understanding between the parties hereto and supersedes and replaces any prior oral or written communications or agreements made between the parties relating to the subject matter hereof. No oral representations or agreements are binding on either party unless formalized in writing. This Agreement is not assignable in full or in part by either Pegasus or Contractor.

Contractor agrees to comply with all federal, state, and municipal laws, rules, and regulations that may now be in effect or which may be in effect in the future. No checks will be issued until this Agreement is fully executed. Consequently, hours worked prior to the execution of this Agreement will not be reimbursed.

All claims, disputes or controversies, including but not limited to personal injury or illness claims, working conditions controversies, and payment disputes, arising out of or relating to this Agreement shall be finally decided by resort of either Pegasus or Contractor to arbitration utilizing a single arbitrator in accordance with the Employment Rules then in effect for the resolution of labor disputes by the American Arbitration Association. The arbitration shall be held in Houston, Texas. The decision of the arbitrator shall be final, binding and enforceable in any court of competent jurisdiction and Pegasus and Contractor agree that there shall be no appeal from the arbitrator's decision. The parties acknowledge and agree that this Agreement includes activities in Interstate

Commerce and that the Federal Arbitration Act, 9 U.S.C. '1 *et seq* shall control and apply to all arbitrations conducted hereunder, notwithstanding any state law provisions to the contrary.

This Agreement supersedes all previous contracts between Contractor and Pegasus.

All checks will be presented at the dates specified in this Agreement to Contractor at Pegasus offices or mailed on the dates specified in this Agreement to Contractor's address as stated below:

STePHen Provost

28235 Hwy / 6

BogAlusA, LA 70427

(Telephone) 504 886-3869

(Pager and/or Cell Phone)

Contractor may request Pegasus to utilize a courier or other service to deliver the checks at Contractor's expense.

THIS AGREEMENT SHALL BE GOVERNED BY AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF TEXAS WITHOUT GIVING EFFECT TO THE CONFLICTS OF LAWS SECTION THEREUNDER.

SIGNED in duplicate this __28 TH__ day of __FeBuAry__, 20 __00__.

PEGASUS INTERNATIONAL, INC.

By: _____

CONTRACTOR:

By: _A tou Provost_____

Social Security No. __435-2J-5585__

**(Attach Copy of Social Security Card and Drivers License)**







# American Arbitration Association
# EMPLOYMENT ARBITRATION RULES
### DEMAND FOR ARBITRATION

*MEDIATION is a nonbinding process. The mediator assists the parties in working out a solution that is acceptable to them. If you wish for the AAA to contact the other parties to ascertain whether they wish to mediate this matter, please check this box (there is no additional administrative fee for this service).*

| TO: Name Stephen G. Provost | | | Name of Representative (if known) J. Ricky LaFleur | | Name of Firm (if applicable) |
|---|---|---|---|---|---|
| Address 28235 Hwy. 16 | | | Representative's Address Two South Magdalen Square, #207 | | |
| City Bogalusa | State LA | Zip Code 70427 | City Abbeville | State LA | Zip Code 70510 |
| Phone No. (504) 886-3869 | Fax No. | | Phone No. | Fax No. | |

The named claimant, a party to an arbitration agreement contained in a written contract, dated __February 28, 2000__ and providing for arbitration under the Employment Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder.

THE NATURE OF THE DISPUTE Claimant, Pegasus International, Inc. ("Pegasus") and Respondent, Steve Provost, ("Provost") are parties to an Agreement (Exhibit 'A') under which Provost performs inspection services for various third parties with whom Pegasus had contracts. Pegasus and Provost now disagree as to the nature of their relationship between them. Pegasus contends that Provost is an independent contractor, as stated in the Agreement and intended by the parties at the time of contract formation. Provost contends that he is an employee for purposes various federal statutes relating to employee benefit plans, overtime compensation and payment of employment tax.

THE CLAIM OR RELIEF SOUGHT (the Amount, if Any) Pegasus seeks (a) a declaration of Provost's status as an independent contractor under the Agreement and applicable federal law and (b) a determination of its rights and obligations with respect to these matters under the contract with Provost.

DOES THIS DISPUTE ARISE OUT OF AN EMPLOYMENT RELATIONSHIP?   ☐ Yes   ☒ No

TYPES OF BUSINESS

Claimant __Engineering__          Respondent __Inspection__

HEARING LOCALE REQUESTED

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its __Houston__ office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the AAA.

| Signature (may be signed by a representative) | Title |
|---|---|

| Name of Claimant Pegasus International, Inc. | | | Name of Representative Kerry Augustus White/Williams | | Name of Firm (if Applicable) Chamberlain |
|---|---|---|---|---|---|
| Address (to Be Used in Connection with This Case) 9821 Katy Freeway, Suite 750 | | | Representative's Address 1200 Smith Street, Suite 1400 | | |
| City Houston | State Tx | Zip Code 77024 | City Houston | State Tx | Zip Code 77002 |
| Phone No. (713) 465-5777 | Fax No. (713) 465-6886 | | Phone No. (713) 658-1818 | Fax No. (713) 658-2553 | |

TO INSTITUTE PROCEEDINGS, PLEASE SEND TWO COPIES OF THIS DEMAND AND THE ARBITRATION AGREEMENT, WITH THE FILING FEE AS PROVIDED FOR IN THE RULES, TO THE AAA. SEND THE ORIGINAL DEMAND TO THE RESPONDENT.

Form E2-05'01

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA
NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| **STEVE PROVOST,** | * | **CIVIL ACTION NO.  01-3261** |
| | * | |
| *Plaintiff* | * | **SECTION "B"( 5)** |
| | * | |
| **VERSUS** | * | **JUDGE IVAN L.R. LEMELLE** |
| | * | |
| **PEGASUS INTERNATIONAL, INC.,** | * | |
| **et al.,** | * | |
| | * | |
| *Defendants* | * | |

## NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that Pegasus International, Inc. will bring for hearing at the U.S. Courthouse, 500 Camp Street, New Orleans, LA, before Judge Ivan L.R. Lemelle its Motion to Stay Proceedings Pending Arbitration on the 12th day of December, 2001 at 9:00 o'clock a.m. or as soon thereafter as counsel may be heard.

Respectfully submitted,

BALDWIN & HASPEL, L.L.C.

LANCE J. ARNOLD  (Bar #18768), T.A.
2200 Energy Centre
1100 Poydras Street
New Orleans, LA  70163-2200
Telephone:  (504) 585-7711
Telefax:     (504) 585-7751
Attorney for Pegasus International, Inc.

1

Of Counsel:
Chamberlain, Hrdlicka, White, Williams & Martin
Two Allen Center
1200 Smith Street, Ste. 1400
Houston, TX 77002

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing pleading has been served upon all counsel listed

below by mailing the same to each by First Class United States mail, properly addressed and

postage prepaid on this _20th_ day of November, 2001.


Ms. Judith Batson Sadler
Mr. Charles E. Sykes
Sadler & Sykes
50 Briar Hollow Lane, Suite 550E
Houston, Texas  77027

Mr. J. Ricky LaFleur
Office of J. Ricky LaFleur
Two South Magdalen Square
Suite 207
Abbeville, Louisiana  70510


LANCE J. ARNOLD

H \DOCS\M\Mpcin\00002\Pleadings\01k19lja003 wpd

2