FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 DEC -6 AM 10: 18

LORETTA G. WHYTE
CLERK

**MINUTE ENTRY**
**LEMELLE, J.**
**DECEMBER 5, 2002**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEVE PROVOST** | **CIVIL ACTION** |
| **VERSUS** | **NO. 01-3261** |
| **PEGASUS INTERNATIONAL, INC. ET AL.** | **SECTION "B"(2)** |

Before the Court is a Notice of Dismissal Pursuant to F.R.C.P. 41(a)(1). Defendants oppose the motion, asserting that the proceedings were stayed pending the outcome of contractually mandated arbitration and administratively closed on January 28, 2002 (Rec. Doc. No. 15). The arbitration proceedings were scheduled for November 14, 2002. Plaintiff's counsel has advised the Court that prior to the arbitration, Plaintiff withdrew all claims under the contract. In support of his position, Plaintiff has submitted documents reflecting the same. (See Rec. Doc. No. 19 and attached exhibits). Nonetheless, Defendants and the American Arbitration Association went forward with the arbitration, without the Plaintiff's participation. To date, an arbitrator's ruling has not been issued.

DATE OF ENTRY
DEC 0 6 2002

As to the merits of the motion, the Fifth Circuit in discussing Rule 41(a) has stated that "[a]s the plain terms of Rule 41(a)(1)(I) establish, a plaintiff has an absolute right to dismiss a lawsuit before the defendant has filed an answer or summary judgment motion." *See Ricky's Diesel Service, Inc. v. M/V Inspiration, et al.*, 2002 WL 927796, at *1 (E.D.La. May 7, 2002) (*citing Carter v. United States,* 547 F.3d 258, 259 (5th Cir. 1977)).  Rule 41(a)(1) grants a plaintiff the right to dismiss an action at an early stage of the proceedings voluntarily, without prejudice, and without consent of the court.  *See Exxon Corp. V. Maryland Casualty Co.*, 599 F.2d 659, 661 (5th Cir. 1979) (*citing* 9 C. Wright & Miller, Federal Practice & Procedure: Civil § 2363 at 151-52(1971)).  A unilateral motion to dismiss an action is permissible only before the defendant has filed an answer or a motion for summary judgment.  The theory underlying this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities.  *Id.*

According to the record, no answer has been filed and no motion for summary judgment has been filed.  The Federal Rules permit voluntary dismissal.  Defendants cite no case law or authority which affirmatively states that a stay pending arbitration precludes voluntary dismissal under Rule 41(a)(1)(i).  Further, there is no evidence that a voluntarily dismissal may substantially prejudice the Defendant, such as stripping him of a defense that would be otherwise available.  *See Ikospentakis v. Thalassic Steamship Agency*, 915 F.2d 176, 178 (5th Cir. 1990).  "That plaintiff may obtain some tactical advantage over the defendant in future litigation is not ordinarily a bar to dismissal." *Id.*  Accordingly,

2

**IT IS ORDERED** that the Notice of Dismissal is **GRANTED** and the Plaintiff's complaint is dismissed without prejudice.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE